**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

WILLIAM LEE WOODLEY                                                                                    PLAINTIFF
ADC #67148

V.                                                  NO: 2:14CV00012 KGB/HDY

NWANNEM OBI-OKOYE *et al.*                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District
          Judge  (if such a  hearing is granted)  was not  offered at  the
          hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff William Lee Woodley, an inmate at the Arkansas Department of Correction's East Arkansas Regional Unit, filed this *pro se* complaint on February 3, 2014, alleging that Defendants Nwannem Obi-Okoye and Geraldine Campbell denied him adequate medical care. On October 2, 2014, Defendants filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #32-#34). Plaintiff filed a response on October 29, 2014 (docket entry #39).

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a

showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, Defendants delayed and denied adequate care for his urinary tract infections, which resulted in the infection spreading throughout his body.  Plaintiff also complains of a penile discharge when he defecates.  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239.  Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Defendants assert that they are entitled to summary judgment because Plaintiff received appropriate medical care.  The evidence indicates that Plaintiff has benign prostatic hyperplasia ("BPH") (docket entry #33-3).  Plaintiff testified that he has been receiving medication for his prostate issues since he was incarcerated (docket entry #33-2, page #17).  As a result of Plaintiff's

3

enlarged prostate, he has difficulty completely emptying his bladder upon urination, which results in an increased risk of urinary tract infections. Plaintiff's enlarged prostate also appears to be the cause of his penile discharge because of the pressure put on the enlarged prostate during defecation (docket entry #33-3). When Plaintiff saw Campbell on September 16, 2011, with complaints of difficulty urinating and a white penile discharge, Campbell ordered a number of tests, and scheduled Plaintiff for follow-up (docket entry #33-1, page #1). Whenever testing revealed the presence of bacteria, Plaintiff was prescribed antibiotics (docket entry #33-2, page #16). According to Plaintiff's testimony, at times, Campbell would treat Plaintiff's condition, and at other times she would refer him to Obi-Okoye. Plaintiff conceded that was about all Campbell could have done (docket entry #33-2, page #18).

Plaintiff asserts Obi-Okoye should have sent him to a urologist because his penile discharge at defecation was evidence of an active infection (docket entry #33-2, page #19). Plaintiff concedes that he has no proof to support his belief that the discharge was evidence of an active infection, and testified that it was "speculative guessing" (docket entry #33-2, page #21). Conversely, Defendants have provided the affidavit of Robert Floss, M.D., who asserts that the discharge was not the result of an active infection, and that Woodley and Obi-Okoye provided appropriate medical care to Plaintiff. It is clear that Plaintiff's condition was treated and not ignored. Plaintiff's mere speculation that his medical care was somehow inadequate is insufficient to establish a constitutional violation. *See Dulany v. Carnahan*, 132 F.3d at 1240 (In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment). Accordingly, Defendants are entitled to summary judgment.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #32) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this ___30___ day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE